# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF IDAHO

_____

| | |
|---|---|
| **In Re** <br><br> MISTY ANN CAMPBELL, <br><br> **Debtor.** | **Bankruptcy Case** <br> **No. 07-01791-JDP** |

_____

## MEMORANDUM OF DECISION
_____

**Appearances:**

Jake Peterson, Boise, Idaho, Counsel for Debtor.

Jeremy Gugino, Boise, Idaho, Trustee.

### *Introduction*

In this case, the Court is asked to determine whether a vehicle, previously involved in an accident and which was located at the repair shop at the time the debtor's bankruptcy petition was filed, constitutes a motor vehicle under Idaho's exemption statutes. As a related issue, the

MEMORANDUM OF DECISION - 1

Court is also asked to resolve whether insurance proceeds remitted to the debtor after the filing of the bankruptcy petition are exempt.

Chapter 7[1] trustee Jeremy Gugino ("Trustee") filed an Objection to Claim of Exemption, Docket No. 16, to which the debtor Misty Ann Campbell ("Debtor") responded. Docket No. 17. The Court conducted a hearing concerning the claim and objection on March 5, 2008, and thereafter took the issues under advisement. The Court has considered the briefs filed by the parties, the arguments of counsel, as well as the applicable law. This Memorandum constitutes the Court's findings of fact and conclusions of law, and resolves this contest. Fed. R. Bankr. P. 7052, 9014.

*Facts*

On November 8, 2007, Debtor was driving her 2001 Chrysler when she was involved in a collision with another vehicle. That same day, Debtor submitted a claim to her auto insurer. She thereafter took the

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101 – 1532, and all rule references are to the Federal Rules of Bankruptcy Procedure, Rules 1001– 9037.

MEMORANDUM OF DECISION - 2

Chrysler to an auto body shop to have it repaired. A representative from her insurance company informed her that the vehicle could be repaired, and she later received a check made jointly payable to her and the shop in the amount of approximately $4,500 to pay for the repairs. Docket No. 23.

On November 15, 2007, while the vehicle was still at the shop, Debtor filed a voluntary chapter 7 bankruptcy petition. In her schedules, she claimed the Chrysler exempt in differing amounts under two different statutes: $3,000 under Idaho Code § 11-605(3) as a "motor vehicle"; and $680 pursuant to Idaho Code § 11-605(10), the so-called "wild card" exemption.

At some point after she filed her petition, the insurance company informed Debtor that it had opted to declare the Chrysler "totaled". Docket No. 23, ¶ 5. As instructed, she mailed the original check back to her insurance company, and in return, it issued and sent Debtor a new check for $2,963.39. *Id*. Shortly thereafter, Debtor endorsed the insurance check over to PBT Auto Sales in Nampa, Idaho, as a portion of the purchase price for a 2004 Pontiac Grand Am. *Id*.

MEMORANDUM OF DECISION - 3

While Debtor did list the Chrysler in her schedules and claim it exempt, she did not disclose that the vehicle had been involved in an accident, nor that she had filed a claim with her insurance company for the repair costs. However, when the topic of the car arose during questioning by Trustee at Debtor's § 341 meeting held on December 20, 2007, Debtor was forthcoming with the relevant facts about the accident, the insurance claim, as well as her recent purchase of the Pontiac.

On January 5, 2008, Trustee filed his objection to Debtor's claim of exemption.

*Analysis and Disposition*

Under the Bankruptcy Code, upon the filing of a bankruptcy petition, an estate is created that is comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). However, individual debtors may exempt certain property from administration by the trustee. 11 U.S.C. § 522(b)(1). As allowed by the Code, Idaho has opted out of the federal exemption scheme, and thus Idaho's exemption laws control what types of property

MEMORANDUM OF DECISION - 4

may be exempted by debtors in bankruptcy cases. 11 U.S.C. § 522(b)(2), (3); Idaho Code § 11-609.

As the objecting party, Trustee bears the burden of proving that Debtor's claim of exemption is not proper. Rule 4003(c); *Carter v. Anderson (In re Carter)*, 182 F.3d 1027, 1029 n. 3 (9th Cir. 1999); *In re Katseanes*, 07.4 I.B.C.R. 79, 79 (Bankr. D. Idaho 2007). The validity of a claimed exemption is determined as of the date of filing of the bankruptcy petition. 11 U.S.C. § 522(b)(3)(A); *Culver, L.L.C. v. Chiu (In re Chiu)*, 226 B.R. 743, 751 (9th Cir. BAP 2001); *In re Yackley*, 03.1 I.B.C.R. 84, 84 (Bankr. D. Idaho 2003). Exemption statutes are to be liberally construed in favor of the debtor. *In re Kline*, 350 B.R. 497, 502 (Bankr. D. Idaho 2005) (citing *In re Steinmetz*, 261 B.R. 32, 33 (Bankr. D. Idaho 2001); *In re Koopal*, 226 B.R. 888, 890 (Bankr. D. Idaho 1998)).

Trustee's objection to Debtor's exemption claim has two facets. First, Trustee objects to Debtor's claim of exemption in the Chrysler, and second, he objects to her claim of exemption in the money Debtor received

MEMORANDUM OF DECISION - 5

from her insurance company.  The Court will consider each of these objections in turn.

A.  The Chrysler

1.  The "Motor Vehicle" Exemption

The Chrysler would, at first blush, clearly appear to be exempt up to the $3,000 limit set forth under Idaho law, which provides:

> An individual is entitled to . . . an exemption of one (1) motor vehicle to the extent of a value not exceeding three thousand dollars ($3,000).

Idaho Code § 11-605(3).  Trustee, however, contends that, on the petition date, the Chrysler did not fall within the definition of a "motor vehicle" found within the Idaho Code, and thus § 11-605(3) does not protect it from his administration.

As Trustee points out, this Court has:

> traditionally utilized the definition provided in Idaho Code § 49-123(g) for the term "motor vehicle" to determine the scope of the exemption allowed by Idaho Code § 11-605(3).  That definition includes only those vehicles which are self propelled and eligible for registration under the law.

MEMORANDUM OF DECISION - 6

*In re Sanders*, 03.1 I.B.C.R. 57, 57 (Bankr. D. Idaho 2003) (quoting *In re Stanger*, 99.3 I.B.C.R. 120, 120 (Bankr. D. Idaho 1999). The Idaho Code defines a "motor vehicle" as follows:

> Every vehicle which is self-propelled and every vehicle which is propelled by electric power obtained from overhead trolley wires but not operated upon rails, except vehicles moved solely by human power, electric personal assistive mobility devices and motorized wheelchairs.

Idaho Code § 49-123(2)(g).[2]

Citing this definition, Trustee argues that because the Chrysler had been basically destroyed in the collision, and had not been repaired, it did not qualify as being "self-propelled" on the date Debtor filed her petition. He also contends that because of the condition of the vehicle, it was not "street legal," was not eligible for registration, and thus was not a motor vehicle within the meaning of the Idaho exemption statute.

---

[2] The Court's citation to Idaho Code § 49-123(2)(g) is more precise than § 49-123(g) as utilized in the *Stanger* and *Saunders* decisions, because subparagraph (g) falls within paragraph (2).

MEMORANDUM OF DECISION - 7

Initially, the Court notes that it was provided very little information concerning the nature of the damages to the Chrysler, and this paucity of facts or evidence plays out in several ways in this context. In her affidavit, Debtor states that, following the accident, her vehicle "was able to be driven. After the collision, I drove my vehicle to the side of the road." Docket No. 23, ¶ 3. She further states that the Chrysler "was smashed on the right front passenger side and the motor fan was making a noise." *Id*. at ¶ 7. Thus, looking solely at Debtor's undisputed statements, Trustee has not established that Debtor's vehicle was not "self-propelled" following the accident.

As to Trustee's second contention, that a vehicle must be "street legal" to qualify as a motor vehicle under Idaho law, Idaho Code § 49-123(2)(g) necessarily incorporates paragraph (2)(a) of the same provision, which instructs that:

> (2) "Vehicle" means:
> (a) General. Every device in, upon, or by which any person or property is or may be transported or drawn upon a highway, excepting devices used exclusively upon stationary rails or tracks.

MEMORANDUM OF DECISION - 8

Idaho Code § 49-123(2)(a).  The Court has previously addressed the "street legal" issue, and held that:

> in order for a vehicle to qualify as exempt under Idaho Code § 11-605(3), that vehicle must not only be self-propelled, but also must be capable of being lawfully operated on a public street or highway.  At a minimum, that requires the vehicle to be registered and properly equipped in accordance with Idaho's motor vehicle laws.  This approach is consistent with the purpose of the motor vehicle exemption law.  While exemption statutes are to be construed liberally in favor of the debtor, the principal purpose of the motor vehicle exemption is to protect the debtor's means of transportation to meet ordinary daily needs.

*Sanders*, 03.1 I.B.C.R. at 58.

There is no indication in this record that, on the date of the bankruptcy filing, the Chrysler was not properly registered.  There is also no suggestion that the vehicle had been altered prior to the accident in any manner rendering it improperly equipped to be operated on Idaho roads.

The critical question becomes whether the accident itself rendered the Chrysler improperly equipped to be driven on the roadways of Idaho.

MEMORANDUM OF DECISION - 9

Since the car was later "totaled" by the insurance company, this was likely the case. However, the Court would be speculating to so conclude on this sparse record. Instead, the only direct evidence before the Court is Debtor's statements that the vehicle was "driveable" following the accident, and that it "was smashed on the right front passenger side and the motor fan was making a noise." And while the repair shop estimated that there was approximately $5,000 in damage to the Chrysler, Docket No. 23, ¶ 4, there is no description of the types of damage to the vehicle, beyond that provided by Debtor. Trustee seems to assume that, because the costs to repair the vehicle exceeded its insured value, it must have therefore been inoperable. However, Trustee bears the burden of proof on that issue, and given the Debtor's statements in her affidavit, the Court declines to infer that the Chrysler did not qualify as a motor vehicle on the date of bankruptcy.

MEMORANDUM OF DECISION - 10

Trustee's objection to Debtor's claim of exemption in the Chrysler as a motor vehicle under Idaho Code § 11-605(3) is therefore denied.[3]

2. The "Wild Card" Exemption

Debtor also claimed the Chrysler exempt under the so-called "wild card" exemption. This statute provides an exemption of an individual's "aggregate interest in any tangible personal property, not to exceed the value of eight hundred dollars ($800)." Idaho Code § 11-605(10). During oral argument, Trustee conceded that Debtor was entitled to claim this exemption as to the Chrysler. The Court agrees that the Chrysler constitutes "tangible personal property" for purposes of this exemption statute. *See In re Duman*, 00.3 I.B.C.R. 137, 138 (Bankr. D. Idaho 2000). Debtor is thus entitled to a wild card exemption as to the Chrysler for the amount claimed.

---

[3] Because the Court need not reach the question, the Court declines in this case to resolve whether a temporary alteration to a previously registered vehicle effects its status as self-propelled or "street legal" so as to deprive it of motor vehicle status under the exemption statute.

MEMORANDUM OF DECISION - 11

B. The Insurance Proceeds

Trustee also objected to any attempt by Debtor to claim an exemption in the insurance proceeds she received for the damages to the Chrysler under Idaho Code §§ 11-605(3) or (10). However, at this point, Debtor has never properly asserted an exemption claim as to those insurance proceeds (nor as to the Pontiac Grand Am she purchased with them). Indeed, Debtor's schedule C claim of exemption refers only to the Chrysler. As a result, the Court declines to anticipate what, if any, other exemption claims Debtor might assert concerning proceeds, since to do so would constitute an advisory opinion.

Therefore, the Court holds that Trustee's objections as to any purported exemption claims in the insurance proceeds are simply not yet ripe for disposition.[4]

---

[4] There is an Idaho statute, Idaho Code § 11-606(1), which would seemingly apply to proceeds received by a debtor upon destruction of property otherwise exempt under Idaho Code § 11-605. Although involving facts not precisely similar to those in this case, the reach of this "proceeds" exemption has been previously examined by the Court. *See In re Hoffpauir*, 258 B.R. 447 (Bankr. D. Idaho 2001); *In re Welker*, 99.4 I.B.C.R. 161, 161 (Bankr. D. Idaho 1999).

MEMORANDUM OF DECISION - 12

*Conclusion*

Trustee's objection to Debtor's claim of exemption in the Chrysler under Idaho Code § 11-605(3) will be denied. Trustee did not meet his burden to show that the Chrysler was not a "motor vehicle" within the definition in the Idaho Code on the date the bankruptcy petition was filed.

Trustee's objection to Debtor's claim to a "wild card" exemption on the Chrysler under Idaho Code § 11-605(10) will also be denied. Because it constitutes "tangible personal property," Debtor is entitled to the $680 exemption she claimed in the Chrysler.

Trustee's objections to any claims of exemption that could be asserted as to the insurance proceeds are not yet ripe for judicial review, as no such exemption claims have been properly made.

A separate order will be entered.

Dated: April 24, 2008

_____
Honorable Jim D. Pappas
United States Bankruptcy Judge

MEMORANDUM OF DECISION - 13